## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL SOUTHARD,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | *Electronically Filed* |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 3:18-CV-803-CRS** |
| **NEWCOMB OIL CO., LLC,** | ) | |
| **d/b/a NEWCOMB OIL CO.** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

### NOTICE OF REMOVAL

Defendant, Newcomb Oil Co., LLC d/b/a Newcomb Oil Co. ("Newcomb Oil"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Jefferson Circuit Court, the Court in which this case is currently pending, to the United States District Court for the Western District of Kentucky. As grounds for this removal, Newcomb Oil states as follows:

### LITIGATION FACTS

1.      On or about November 9, 2018, Plaintiff Michael Southard (the "Plaintiff") filed a Complaint in the Jefferson Circuit Court, Commonwealth of Kentucky, captioned *Michael Southard v. Newcomb Oil Co., LLC d/b/a Newcomb Oil Co.*, bearing case number 18-CI-006503.

2.      On or about November 16, 2018, Plaintiff's Summons and Complaint were served on Newcomb Oil. Pursuant to 28 U.S.C. § 1446(a), a true copy of Plaintiff's Summons and Complaint are attached hereto as **Exhibit 1**.  The documents attached as Exhibit 1 are all the process, pleadings, and orders that have been served upon Newcomb Oil in this action.

3.      In his Complaint, Plaintiff asserts federal statutory claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

4.      Removal of this case is proper pursuant to 28 U.S.C. § 1441(a) based on the Court's federal question jurisdiction under 28 U.S.C. § 1331.

5.      This Court has original jurisdiction over this action because Plaintiff's first cause of action includes allegations concerning purported violations of the FLSA, which raises a federal question sufficient to confer original jurisdiction pursuant to 28 U.S.C. § 1331.

6.      Federal "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 346 (6th Cir. 2008).

7.      Plaintiff's second, third, fourth, fifth, and sixth causes of action assert state statutory and common law claims based on the same facts and circumstances alleged by Plaintiff in support of his federal FLSA claim. These state law claims form a part of the same case or controversy as the federal claim. Therefore, this Court may exert supplemental jurisdiction over the state law claims.

8.      Given the circumstances set forth above, this action, which has been filed with the Jefferson Circuit Court, Civil Action No. 18-CI-006503, constitutes an action which could have been originally brought in this Court pursuant to 28 U.S.C. § 1331, and may be removed pursuant to 28 U.S.C. § 1441(a) without regard to the citizenship or residence of the parties or the amount in controversy.

9.     The United States District Court for the Western District of Kentucky embraces the location of the Jefferson Circuit Court, where Plaintiff's Complaint was filed. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

10.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), having been filed within thirty (30) days after receipt of service by Newcomb Oil of the Summons and Complaint in this matter.

11.    In accordance with 28 U.S.C. 1446(d), Newcomb Oil will promptly file a copy of this Notice of Removal with the Jefferson Circuit Court, and serve copies of this Notice of Removal on Plaintiff's counsel.

12.    Following removal of this case to federal court, Newcomb Oil will seek dismissal of this action and/or a stay of all proceedings pending individual arbitration of Plaintiff's claims pursuant to a contractual agreement between the parties. This removal does not waive Newcomb Oil's right to arbitrate this matter. *See Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 371 (6th Cir. 2014); *Dantz v. Am. Apple Grp.*, 123 F. App'x 702, 707 (6th Cir. 2005).

WHEREFORE, Newcomb Oil gives notice that the entire above-styled action now pending before the Jefferson Circuit Court, Civil Action No. 18-CI-003981, is hereby removed therefrom to this Court.

Respectfully submitted,


*/s/ John O. Sheller*
John O. Sheller
Jeffrey A. Calabrese
Steven T. Clark
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky  40202
Phone: (502) 333-6000
john.sheller@skofirm.com
jeff.calabrese@skofirm.com
steven.clark@skofirm.com

*Counsel for Defendant,*
*Newcomb Oil Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 6th day of December, 2018, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF system, which will send email notification to the following:

Carolyn Hunt Cottrell, Esq.
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
ccottrell@schneiderwallace.com

*Lead Counsel for Plaintiff*

William M. Hogg
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
3700 Buffalo Speedway, Suite 3700
Houston, Texas 77098
Phone: (713) 338-2560
whogg@schneiderwallace.com

*Of Counsel for Plaintiff*

Michael P. Abate
KAPLAN JOHNSON ABATE & BIRD LLP
710 West Main Street, Fourth Floor
Louisville, Kentucky 40202
Phone: (502) 416-1630
mabate@kaplanjohnsonlaw.com

*Local Counsel for Plaintiff*

/s/ John O. Sheller
*Counsel for Defendant,*
*Newcomb Oil Co.*