# Exhibit 1

NOT ORIGINAL DOCUMENT
11/14/2018 10:49:18 AM
88890-7

AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1



# CIVIL SUMMONS

Case #: **18-CI-006503**

Court: **CIRCUIT**

County: **JEFFERSON Circuit**

---

*Plantiff,* **SOUTHARD, MICHAEL VS. NEWCOMB OIL CO. LLC**, *Defendant*

TO: **JOHN L NEWCOMB JR**

     **REGISTERED AGENT FOR NEWCOMB OIL CO**

     **951 WITHROW CT.**

     **BARDSTOWN, KY 40004**

Memo: Related party is NEWCOMB OIL CO. LLC

The Commonwealth of Kentucky to Defendant:
**NEWCOMB OIL CO. LLC**

     You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **11/9/2018**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Summons ID: @00000888049
CIRCUIT: 18-CI-006503 Certified Mail
SOUTHARD, MICHAEL VS. NEWCOMB OIL CO. LLC



eFiled

*Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)*

*CI : 000001 of 000001*

Filed          18-CI-006503     11/09/2018        David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
                                                                 11/14/2018 10:48:10 AM
                                                                 88890-7

CASE NO. _____                          JEFFERSON CIRCUIT COURT
                                                  DIVISION _____
                                                  JUDGE _____

MICHAEL SOUTHARD, on behalf                                          PLAINTIFF
of himself and all others similarly situated,

487 Saguaro Drive
Louisville, KY 40229

v.                       **CLASS ACTION COMPLAINT**
                       **AND DEMAND FOR JURY TRIAL**

NEWCOMB OIL CO., LLC d/b/a
NEWCOMB OIL CO.,                                                    DEFENDANT

SERVE:        John L. Newcomb, Jr.
              Registered Agent
              951 Withrow Court
              Bardstown, KY 40004

## I.    INTRODUCTION

1.      Plaintiff Michael Southard brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for Newcomb Oil Co., LLC d/b/a Newcomb Oil Co. ("Newcomb" or "Defendant") as convenience store attendants in Kentucky at any time beginning five years before the filing of this complaint until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated attendants have been denied payment for all hours worked, including overtime, and denied timely rest periods and meal periods in compliance with Kentucky law. Newcomb enacted a policy of requiring attendants to work through their statutorily mandated meal and rest periods. This resulted in attendants being denied overtime pay at a rate of one-and-one-half their regular rates of pay for all hours worked beyond 40 in a work week.

2.      Accordingly, Defendant routinely (1) failed to provide reasonable meal and rest periods pursuant to Kentucky Revised Statute § 337.355 and § 337.365; (2) failed to compensate

Presiding Judge: HON. A. C. McKAY CHAUVIN (630220)

COM : 000001 of 000019

Filed          18-CI-006503     11/09/2018        David L. Nicholson, Jefferson Circuit Clerk

Filed        18-CI-006503    11/09/2018        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
11/14/2018 10:48:10 AM
88890-7

for all hours worked pursuant to KRS § 337.285 and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"); (3) failed to pay overtime wages pursuant to KRS § 337.285 and the FLSA; (4) failed to pay for all wages in full upon separation of employment pursuant to KRS § 337.055; (5) failed to provide timely and accurate itemized wage statements pursuant to KRS § 337.070; and (6) improperly withheld wages in violation of KRS § 337.060. Defendant's illegal practices as described herein have resulted in unjust enrichment.

3.      Plaintiff and members of the proposed class and collective are current and former non-exempt employees, including but not limited to, attendants, clerks, and/or cashiers (collectively, "attendants" and "proposed Class members") who worked in Defendant's convenience stores throughout Kentucky. Defendant enacted a policy denying Plaintiff and proposed class members meal and rest periods during their shifts. Plaintiff and proposed class and collective members routinely performed work off-the-clock that was not compensated. Plaintiff and proposed class and collective members were also required to incur business expenses, including slip-resistant shoes, work pants, and personal cell phone usage for business purposes. Defendant did not reimburse these business expenses.

4.      Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all denied meal and rest periods, unpaid wages, including unpaid overtime wages, wrongfully withheld wages, unreimbursed business expenses, and punitive damages. Plaintiff also seeks declaratory and injunctive relief, including restitution. In addition, Plaintiff seeks liquidated damages under the FLSA and Kentucky law. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Kentucky law and the FLSA.

5.      Plaintiff hereby requests a trial by jury.

## II.    PARTIES AND JURISDICTION

6.      Plaintiff Michael Southard was employed by Defendants as a non-exempt employee within the statutory period of this case. Plaintiff Southard resides in Louisville, Kentucky. Plaintiff Southard worked for Defendants as a station attendant in Louisville, Kentucky from approximately November of 2017 to August of 2018.

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000002 of 000019

Filed        18-CI-006503    11/09/2018        David L. Nicholson, Jefferson Circuit Clerk

7.     The FLSA Class Members are all people who are or have been employed by Defendants as hourly and non-exempt employees in the United States within the Collective Class Period (three years prior to the filing of this Complaint until final disposition).

8.     The Kentucky Class Members are all people who are or have been employed by Defendants as hourly and non-exempt employees in the State of Kentucky within the Kentucky Class Period (five years prior to the filing of this Complaint until final disposition).

9.     Defendant Newcomb Oil Co., LLC d/b/a Newcomb Oil Co. is a domestic for-profit Kentucky corporation, with its headquarters located in Bardstown, Kentucky. Process may be served on its registered agent, John L. Newcomb, Jr., 951 Withrow Court, Bardstown, Kentucky 40004.

10.    At all material times, Defendant was and is legally responsible for all the unlawful conduct, policies, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the class members.

11.    At all material times, Defendant has been governed by and subject to the FLSA.

12.    At all material times, Defendant has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d), as well as KRS § 344, *et seq.*

13.    At all material times, Defendant is an employer within the meaning of KRS Chapters 337 and 344.

14.    At all material times, Plaintiff was an employee within the meaning of KRS § 337, *et seq.* and KR § 344, *et seq.*

15.    At all material times, Defendant has been an enterprise within the meaning of section 3(r). 29 U.S.C. § 203(r).

16.    At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                11/14/2018 10:48:10 AM
                                                                                88890-7

17.     At all material times, the unlawful conduct against Plaintiff and the class members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Defendant. At all relevant times, upon information and belief, the unlawful conduct described in this Complaint was reasonably foreseeable by Defendant and committed under actual or apparent authority granted by Defendant such that all aforementioned unlawful conduct is legally attributable to Defendants.

18.     At all material times, Defendant has had an annual gross business volume of not less than $500,000.

19.     The amount in controversy exceeds the minimum jurisdictional amount of the Circuit Court.

20.     The jurisdiction of this Court over Defendant is based upon Defendant's actions and contacts within the Commonwealth of Kentucky.

21.     Venue is appropriate in Jefferson County as Plaintiff is a resident of Jefferson County and a majority of the acts complained of herein occurred in Jefferson County, Kentucky.

### III.     FACTUAL ALLEGATIONS

22.     During the relevant time period of this action, Defendant has operated convenience stores throughout Kentucky, branded as "FiveStar Food Marts." In operating these convenience stores throughout the state, Defendant employed, and continues to employ, Plaintiff and other similarly situated individuals to work as attendants. Defendant uniformly pays attendants on an hourly basis. Attendants' general job duties include running the cash register, stocking shelves, cleaning the store, and assisting customers.

23.     Plaintiff was employed as an attendant from approximately November of 2017 until August of 2018. Plaintiff worked in one of Defendant's Louisville "FiveStar Food Mart" locations.

24.     Upon accepting an offer of employment to work for Defendant, Plaintiff was required to purchase specific items for the benefit of Defendant for which Plaintiff was never

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000004 of 000019

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
11/14/2018 10:48:10 AM
88890-7

reimbursed. These unreimbursed business expenses include slip-resistant shoes, black work pants, and Plaintiff was required to use his personal cell phone for business purposes.

25.     Plaintiff was classified as a nonexempt employee. Plaintiff was paid hourly and performed work of a non-exempt employee. Putative class members similarly are nonexempt employees.

26.     Plaintiff regularly worked over forty hours per week each and every week, and his work shifts generally lasted 9 to 10 hours per day. Plaintiff often worked between 50 and 55 hours per week. Similar to Plaintiff, proposed Class members are current and former attendants all of whom are non-exempt, hourly employees in Kentucky and throughout the United States.  Plaintiff is informed, believes, and thereon alleges that attendants generally work more than 40 hours per week. Plaintiff is informed, believes, and thereon alleges that the policies and practices of Defendants have at all relevant times been similar for Plaintiff and other attendants.

27.     Under one such common policy and practice, Defendant routinely failed to pay Plaintiff and proposed Class members for all hours worked.[1] Defendant required Plaintiff and other similar employees to clock in using a computer program in the store. Plaintiff and proposed class members regularly performed work off-the-clock, including but not limited to cleaning the store after clocking out for the day, taking out the garbage after clocking out, requiring attendants who have already clocked out to report the status of the store to the incoming shift change, and being delayed from clocking in because the computer was not readily available. Defendant was aware of and encouraged these off-the-clock work activities and yet failed to compensate Plaintiff and proposed Class members for that time worked off-the-clock. This resulted in attendants not being compensated for all hours worked, including overtime wages.

28.     In addition, Defendants routinely denied compliant meal periods to Plaintiff and proposed Class members. Specifically, attendants are not permitted a reasonable period of

---

[1] Upon information and belief, Defendant's illegal policies and practices as alleged herein continue to be followed and are ongoing despite Plaintiff's use of the past tense regarding his employment with Defendant.

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000005 of 000019

Filed          18-CI-006503    11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

uninterrupted time to take a meal break during their shift. Defendant's policy was that attendants must remain at the cash register and within the store during their shift. Further, attendants are not permitted to eat at the cash register or in view of customers. The result of this policy is that attendants are forced to eat while in the bathroom, to eat small bites intermittently throughout the day in the back stock rooms or outside, or forego eating entirely until after their shift. In any event, attendants were and are deprived of the reasonable period of uninterrupted time prescribed by law.

29.    Under Kentucky law, meal periods must be provided no sooner than three hours after the shift commences and no later than five hours after the shift commences. Defendants generally did not provide a meal period during an attendant's shift, let alone in this time frame.

30.    Similar to meal periods, Defendant routinely denied rest periods to Plaintiff and proposed Class members in accordance with Defendant's policy that attendants remain at the cash register and within the store during their shift.  Plaintiff and the proposed Class members were not permitted to take uninterrupted rest breaks that lasted 10 minutes per break.  Under Kentucky law, a rest period of 10 minutes is to be provided for each 4 hours of work within a given shift. Plaintiff Southard and putative Class members regularly worked shifts over 8 hours, yet were denied rest periods.

31.    Defendant is aware that Plaintiff and proposed Class members are regularly denied their meal and rest breaks as a result of Defendant's unlawful policies and practices, but Defendant nevertheless refused to authorize premium pay for missed or interrupted meal and rest periods. Defendant's meal and rest period policy was oppressive and/or malicious in that Defendant sought to summarily deny these employees the simple dignity of a bona fide meal break and uninterrupted rest periods during their shift, denying affected employees the simple dignity of a 30-minute respite. Taken in context, attendants are often scheduled shifts that are close together, often seven or eight hours apart from the end of one shift to the start of the next.  As an example of the oppressiveness and maliciousness resulting from Defendant's universal meal and rest policy, during Plaintiff Southard's employment with Defendant he took two weeks off from work for a surgery. Upon returning to work, Mr. Southard's doctor advised him to take regular breaks and

Presiding Judge: HON. A. C. McKAY CHAUVIN (630220)

COM : 000006 of 000019

Filed          18-CI-006503    11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed                18-CI-006503    11/09/2018        David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                         11/14/2018 10:48:10 AM
                                                                                                    88890-7

rest periods so as to allow his surgery to heal properly. After discussing same with his store manager and advising that denying these breaks would potentially harm Mr. Southard's health, Mr. Southard was still not permitted to take the statutorily-mandated meal and rest breaks. In other words, in addition to depriving attendants of the basic dignity of a reasonable break for lunch and simple rest breaks during their shift, Defendant's policy was enforced in a way that reasonably could have had a detrimental effect on Plaintiff's health following a medical procedure.

32.     Furthermore, Defendant failed to pay all wages upon separation of employment that were earned by Plaintiff and the class members. As described above, Defendant failed to pay attendants their complete wages, overtime pay, meal and rest period pay, and unreimbursed business expenses throughout their entire employment.

## IV.    CLASS ACTION ALLEGATIONS

33.     Plaintiff brings Causes of Action II through VI as a class action on behalf of himself and all others similarly situated pursuant to Kentucky Rule of Civil Procedure 23.01 and 23.02(3). The Kentucky Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly nonexempt employees, including but not limited to, store attendants, clerks, cashiers, or other employees with similar job duties employed by Defendant in Kentucky at any time starting five years prior to the filing of this Complaint until resolution of this action.**

34.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

35.     Numerosity:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  Plaintiff is informed and believes that the number of attendants exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual members of the Kentucky Class as a plaintiff in this action is impracticable. Furthermore, the identities of the members of the Kentucky Class will be determined from Defendant's records, as will the

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000007 of 000019

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
11/14/2018 10:48:10 AM
88890-7

compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Kentucky Class and Defendant.

36.   <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

    i.   Whether Defendant failed to pay Plaintiff and proposed Class members for all hours worked;

    ii.   Whether Defendant paid Plaintiff and proposed Class members on an hourly basis;

    iii.   Whether Defendant failed to keep accurate records of employees' hours of work and wages;

    iv.   Whether Defendant failed to pay Plaintiff and proposed Class members at an overtime rate for all hours worked in excess of forty in a workweek;

    v.   Whether Defendant failed to authorize and permit proposed Class members to take the meal periods to which they are entitled in violation of Kentucky law;

    vi.   Whether Defendant failed to authorize and permit proposed Class members to take the rest periods to which they are entitled in violation of Kentucky law;

    vii.   Whether Defendant failed to provide proposed Class members with timely, accurate itemized wage statements in violation of Kentucky law;

    viii.   Whether Defendant's policy and practice of failing to pay proposed Class members all wages due upon the end of their employment violates Kentucky law;

    ix.   Whether Plaintiff and proposed Class members are entitled to liquidated damages;

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000008 of 000019

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk     DOCUMENT
                                                                                11/14/2018 10:48:10 AM
                                                                                88890-7

      x.    Whether Plaintiff and proposed Class members are entitled to punitive damages;

      xi.    The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein; and

      xii.    Whether Defendant's actions were "willful."

37.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class.  Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and proposed Class members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

38.   <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class, does not have any conflicts of interest with other proposed Class members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour classes.  Plaintiff will fairly and adequately represent and protect the interests of the Class members.

39.   <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

40.   In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

41.   If each individual Class Member was required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000009 of 000019

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed        18-CI-006503    11/09/2018        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
11/14/2018 10:48:10 AM
88890-7

to exploit and overwhelm the limited resources of each member of the Class with Defendant's
vastly superior financial legal resources.

42.     Requiring each individual Class Member to pursue an individual remedy would
also discourage the assertion of lawful claims by the Class Members who would be disinclined to
pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation
and permanent damage to their lives, careers and well-being.

## V.     COLLECTIVE ACTION ALLEGATIONS

43.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §
216(b) as to claims for overtime compensation, liquidated damages (or, alternatively, interest), and
attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former
employees are similarly situated to Plaintiff with regard to his claims for unpaid wages and
damages, in that they have been denied proper compensation, including overtime and minimum
wage compensation, at some point during the three years prior to the filing of this Complaint.  The
groups of similarly situated individuals that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly nonexempt employees, including
> but not limited to, store attendants, clerks, cashiers, or other
> employees with similar job duties who were employed by
> Defendant during the time period three years prior to the filing
> of the original complaint until resolution of this action (the
> "Collective").**

44.     Plaintiff is representative of those other current and former employees and is acting
on behalf of their interests as well as Plaintiff's own interest in bringing this action.

45.     Members of the Collective are similarly situated, as they have substantially similar
job requirements and provisions and are subject to a set of common practices, policies and/or plans
that require or permit them to perform work, in the form of spending time or conducting activities
for the benefit of Defendant which are not compensated pursuant to the FLSA.

46.     Attendants are paid on an hourly rate basis and are non-exempt employees under
the FLSA.

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000010 of 000019

-10-

Filed          18-CI-006503    11/09/2018          David L. Nicholson, Jefferson Circuit Clerk     DOCUMENT

11/14/2018 10:48:10 AM
88890-7

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

47.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

48.     Defendant's failure to pay Plaintiff and the Collective their lawful wages, as well as the failure to reimburse business expenses, was and is willful.  Defendant knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

49.     Despite its knowledge that time spent by Plaintiff and the Collective, as described above, was compensable time under both state and federal law, Defendant has refused to fully compensate workers for any of this time worked off-the-clock and have refused to reimburse Plaintiff and the Collective for their business expenses furnished for the benefit of Defendant.

50.     These similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## VI.     <u>CAUSES OF ACTION</u>

### <u>FIRST CAUSE OF ACTION</u>
**Failure to Pay Wages and Overtime Compensation**
**Fair Labor Standards Act, 29 U.S.C. §§ 201,** *et seq.*

51.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

52.     Defendant violated the FLSA by knowingly failing to maintain records of all hours worked.

53.     Defendant violated the FLSA by knowingly failing to compensate Plaintiff for all hours worked and by knowingly failing to compensate Plaintiff at a rate of one and one-half times

COM : 000011 of 000019

Filed          18-CI-006503    11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

11/14/2018 10:48:10 AM
88890-7

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000012 of 000019

their regular hourly wage for all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

54.     Defendant violated the FLSA by knowingly failing to compensate Plaintiff and putative class members by failing to compensate for time worked off-the-clock, including time spent cleaning the store and cash register area, taking out the trash, and informing the incoming shift change of goings-on in the store after clocking out.

55.     Defendant further violated the FLSA by failing to reimburse Plaintiff and putative class members for necessary business expenses, including slip-resistant shoes, work pants, and cell phone usage, in violation of 29 C.F.R. § 778.217.

56.     Defendant's actions were willful.

57.     Defendant is therefore liable to Plaintiff and members of the collective, under 29 U.S.C. § 207(e) and 216(b) of the FLSA, for their unpaid wages and unpaid overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

### SECOND CAUSE OF ACTION
**Failure to Pay Overtime**
**Kentucky Revised Statute § 337.285**

58.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

59.     Defendant has failed to pay Plaintiff, and other members of the Class, overtime compensation for all hours they worked in excess of 40 hours per week.  Plaintiff and other members of the Class are regularly required to work overtime hours.

60.     KRS § 337.285 provides that that all employers shall compensate their employees, with certain exceptions, at a rate of not less than one and one-half times the hourly rate which they are regularly paid for all hours worked in excess of forty in a work week.

61.     Plaintiff and members of the putative Class are not contained in any of the groups of employees excluded from the provisions of KRS § 337.285.

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                    11/14/2018 10:48:10 AM
                                                                    88890-7

62.   By virtue of Defendant's unlawful failure to pay additional, premium rate compensation to Plaintiff and putative Class Members for their overtime hours worked, Plaintiff and Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional threshold of this Court and which will be ascertained according to proof at trial.

63.   As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class Members have been deprived of overtime compensation in an amount to be determined at trial. Plaintiff and other members of the Class request recovery of overtime compensation according to proof dating five (5) years preceding the date of filing of this Complaint pursuant to KRS § 413.120(2), plus an additional equal amount in liquidated damages, reasonable attorney's fees and costs of suit pursuant to KRS § 337.385.

### THIRD CAUSE OF ACTION
**Negligence Per Se for Failure to Provide Meal and Rest Periods**
**Kentucky Revised Statute § 337.355; Kentucky Revised Statute § 337.365**
**Kentucky Revised Statute § 446.070**

64.   Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

65.   KRS § 337.355 requires employers to provide a reasonable period for lunch, as close to the middle of a shift as possible, for employees. That meal period must be no sooner than three hours after the shift commences and no later than five hours after the shift commences.

66.   In addition to the meal period requirement, KRS § 337.365 requires employers to provide a rest period of at least ten minutes for each four hours worked.

67.   Attendants regularly work more than 8 hours in a day, sometimes 10 to 11 hours per day, without being provided an opportunity to take a meal period during which they are relieved of all duties. Attendants are further not provided an opportunity to take at least two rest periods of at least ten minutes apiece. Defendant enacted a policy requiring attendants to remain at the cash register or in the store at all times, and in furtherance of this policy denied meal or rest breaks to attendants as a matter of course.

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000013 of 000019

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-006503      11/09/2018        David L. Nicholson, Jefferson Circuit Clerk          DOCUMENT
                                                                          11/14/2018 10:48:10 AM
                                                                                88890-7

68.     Because attendants must remain at the cash register and within the store, and are
not permitted to eat at the cash register or in view of customers, they are forced to: 1) eat while in
the bathroom; 2) eat small bites intermittently throughout the day in the back stock rooms or
outside; and/or 3) forego their meal period entirely until after their shift.  In addition, this policy
deprived Plaintiff and putative class members of the statutorily required 10-minute break for each
4 hour period of their shift. Defendant took no steps to adjust Plaintiff and Class members' pay
accordingly to account for the lack of meal or rest breaks.

69.     Defendant was so stringent with the application of this universal break policy that
it willingly endangered the health of Mr. Southard. As discussed above, after Mr. Southard
returned to work from surgery, after which his doctor advised him to take breaks throughout the
day to make sure his surgery healed properly, Defendant continued its policies and denied Mr.
Southard the required breaks. Defendant did so with the knowledge that Mr. Southard's doctor had
advised he be allowed to take breaks, and that depriving him of these breaks would put Mr.
Southard's health at risk.

70.     As a result of Defendant's violations of KRS §§ 337.355 and 337.365, Plaintiff and
Kentucky Class Members are entitled to recover the difference between wages paid and wages
which should have been paid under KRS § 337.055 for the reasonable meal and rest break
violations, i.e. an additional 30 minutes of paid time for lunch and an additional 10-20 minutes
(depending on total hours worked) at the employee's regular hourly rate of pay for each day
worked but not afforded a bona fide meal and rest break. *See England v. Advance Stores Co., Inc.*,
263 F.R.D. 423, 441 (W.D. Ky. 2009) (finding plaintiff employee has a private cause of action to
recover damages for meal and rest break violations by operation of KRS § 446.070).

71.     Plaintiff and Class Members are also entitled to recover punitive damages pursuant
to KRS § 411.186 through KRS § 446.070 for the meal and rest period claims that violate KRS
§ 337.355 and 337.365. Defendants were aware and that Plaintiff and putative Class Members
were denied the required meal and rest breaks, and refused to provide the statutorily-required
breaks. Even worse, in applying this universal meal and rest break policy, Defendant required Mr.

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000014 of 000019

Filed          18-CI-006503      11/09/2018        David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-006503      11/09/2018          David L. Nicholson, Jefferson Circuit Clerk          NOT ORIGINAL DOCUMENT
                                                                                              11/14/2018 10:48:10 AM
                                                                                              88890-7

Southard to skip meal and rest breaks against Mr. Southard's doctor's advice and in knowing risk

to Mr. Southard's health. This denial of meal and rest breaks amounted to oppressive and malicious

treatment because it was a cruel and unjust refusal of basic dignity, namely a denial of simple

lunch breaks, bathroom breaks, and rest periods, and was done with the knowing indifference to

Mr. Southard's health following a surgery.

**FOURTH CAUSE OF ACTION**
**Untimely Payment of Wages and Unlawful Withholding of Wages**
**Kentucky Revised Statute § 337.055; Kentucky Revised Statute § 337.060**

72.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth

herein.

73.     KRS § 337.055 requires that any employee who leaves or is discharged from

employment shall be paid in full all wages or salary earned by him no later than the next normal

pay period following the date of leaving, or fourteen days following the date of leaving, whichever

occurs last. "No employer shall, by any means, secure exemption from [KRS § 337.055]." *Id.*

74.     KRS § 337.060 prohibits employers from withholding any part of the wages agreed

upon and prohibits various specific deductions, including fines, cash shortages, breakage, losses

from bounced checks, or losses due to stolen or damaged property not attributable to an employee's

willful or intentional disregard of the employer's interest.

75.     Defendant required Plaintiff and Class members, as a matter of company policy, to

forego meal and rest breaks, for which Plaintiff and Class members are due back wages. Defendant

further failed to compensate Plaintiff and Class members for all hours worked, including off-the-

clock work. Defendant further failed to reimburse Plaintiff and Class members for their business

expenses.

76.     Defendant failed to pay Plaintiff's compensation in full, including back wages for

overtime pay and unreimbursed business expenses, within the time period contemplated under

KRS § 337.055 after his separation from employment.

77.     As a result of Defendant's violations of KRS § 337.055 and pursuant to KRS §

337.385, Plaintiff and Class members are entitled to recover in full their wages improperly

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000015 of 000019

Filed          18-CI-006503      11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-006503     11/09/2018          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                              11/14/2018 10:48:10 AM
                                                                    88890-7

withheld upon separation of employment. Plaintiff and Kentucky Class Members are also entitled to recover liquidated damages for these improperly withheld wages.

78.     As a result of Defendant's violations of KRS § 337.060 and pursuant to KRS § 337.385, Plaintiff and Class members are entitled to recover the amounts withheld, plus liquidated damages.

### FIFTH CAUSE OF ACTION
**Declaratory Relief Sought for Failure to Furnish Statement of Wage Deductions**
**Kentucky Revised Statute § 337.070**

79.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

80.     KRS § 337.070 requires all employers who employ ten or more employees and pay their employees by check or otherwise, making deductions from the salaries and wages due to said employees, shall state specifically the amount for which the deductions are made, and each such employer at the time of payment of salary or wage to each employee shall furnish the employee a statement giving the amount of each deduction and the general purpose for which the deduction is made.

81.     Defendant knowingly, intentionally, and willfully has failed to furnish Plaintiff and Class Members with timely, accurate, itemized statements in compliance with KRS § 337.070. Defendant failed to furnish Plaintiff and Class members with a wage statement in compliance with KRS § 337.070 in that such wage statements did not identify the regular wages, overtime compensation, and business expense reimbursements being withheld or deducted. Further, these statements would fail to state the purpose for such deductions or withholdings of such back wages.

82.     Plaintiff, on behalf of himself and the proposed Class, request declaratory relief stating Defendant has violated KRS § 337.070.

### SIXTH CAUSE OF ACTION
**Unjust Enrichment**

83.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000016 of 000019

Filed                18-CI-006503      11/09/2018        David L. Nicholson, Jefferson Circuit Clerk  DOCUMENT
                                                                                    11/14/2018 10:48:10 AM
                                                                                         88890-7

84.     Defendant received good and valuable services from Plaintiff and the putative Class members in the form of labor for the benefit of Defendant's store operations and customers. Defendant, however, failed to compensate Plaintiff and the putative Class members for the fair and equitable value of their labor in accordance with the law.

85.     Plaintiff and the putative Class members were paid a substandard rate that did not include meal and rest breaks, compensation for all hours worked including off-the-clock work, and unreimbursed business expenses.

86.     As a result, Defendant has been unjustly enriched at Plaintiff's and the putative Class members' expense. It would be inequitable for Defendant to be permitted to retain such benefits without paying Plaintiff and the putative Class members the value of the benefits conferred.

87.     Defendant should be required to disgorge all gains which it obtained at the expense of Plaintiff and the putative Class members, who are entitled to receive the disgorgement of Defendant's unjust gains as compensatory damages.

## VII.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class and Collective he seeks to represent in this action, requests the following relief:

1.     For an order certifying this case as a class and collective action, appointing Plaintiff as the representative of the Class and Collective, and appointing Plaintiff's attorneys, Schneider Wallace Cottrell Konecky Wotkyns LLP as Class/Collective Counsel;

2.     For a declaratory judgment that Defendant has violated the Fair Labor Standards Act as alleged herein;

3.     For a declaratory judgment that Defendant has violated Kentucky law and public policy as alleged herein;

4.     For a declaratory judgment that Defendant's violations of the Fair Labor Standards Act and Kentucky law were done so willfully;

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000017 of 000019

Filed                18-CI-006503      11/09/2018        David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-006503          11/09/2018          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT

11/14/2018 10:48:10 AM
88890-7

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000018 of 000019

5.      For a declaratory judgment that Defendant's failure to provide meal and rest breaks has violated Kentucky law and, as such, constitutes negligence per se;

6.      For a declaratory judgment that Defendant's violation of the wage and hour laws resulted in Defendant's unjust enrichment;

7.      For a declaratory judgment that Defendants have violated KRS § 337.070 for a failure to provide accurate itemized wage statements and explanations for deductions;

8.      For preliminary, permanent and mandatory injunctive relief prohibiting Defendant, their officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

9.      That Defendant be ordered to refrain from retaliating against any Class and Collective Members who are current employees, including, but not limited to, reducing scheduled hours, reducing pay, demotion, assigning longer or inconvenient routes, termination, or interference with prospective employment opportunities;

10.     For an order awarding Plaintiff and the Class and Collective compensatory and liquidated damages, including lost wages, earnings, and other employee benefits and all other sums of money owed to Plaintiffs and the Class and Collective, together with interest on these amounts, according to proof;

11.     For an order requiring Defendant to disgorge all gains which they obtained for failing to pay Plaintiff and Class Members their rightful wages, and awarding those disgorged gains to Plaintiff and Class Members as compensatory damages;

12.     For an order imposing all punitive damages available by law;

13.     Pre-judgment and post-judgment interest, as provided by law;

14.     For an award of reasonable attorneys' fees as provided by the FLSA and Kentucky law KRS § 337.385(1) , and/or any other applicable law;

15.     For all costs of suit;

Filed          18-CI-006503          11/09/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-006503    11/09/2018        David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                     11/14/2018 10:48:10 AM
                                                                            88890-7

16.    For a trial by jury; and

17.    Any other and further relief the Court deems just and proper.


Dated: November 9, 2018                 Respectfully Submitted,

                                        /s/ Michael P. Abate
                                        Michael P. Abate

                                        Carolyn Hunt Cottrell (to be admitted *pro hac vice*)
                                        SCHNEIDER WALLACE COTTRELL
                                        KONECKY WOTKYNS LLP
                                        California State Bar No. 166977
                                        2000 Powell Street, Suite 1400
                                        Emeryville, California 94608
                                        Telephone: (415) 421-7100
                                        Facsimile: (415) 421-7105
                                        ccottrell@schneiderwallace.com

                                        *Lead Attorney for Plaintiff*

                                        William M. Hogg (to be admitted *pro hac vice*)
                                        SCHNEIDER WALLACE COTTRELL
                                        KONECKY WOTKYNS LLP
                                        Texas State Bar No. 24087733
                                        3700 Buffalo Speedway, Suite 3000
                                        Houston, Texas 77098
                                        Telephone: (713) 338-2560
                                        Facsimile: (415) 421-7105
                                        whogg@schneiderwallace.com

                                        *Of Counsel for Plaintiff*

                                        Michael P. Abate
                                        KAPLAN JOHNSON ABATE & BIRD LLP
                                        Kentucky State Bar No. 95259
                                        710 West Main Street, Fourth Floor
                                        Louisville, Kentucky 40202
                                        Telephone: (502) 416-1630
                                        Facsimile: (502) 540-8282
                                        mabate@kaplanjohnsonlaw.com

                                        *Local Counsel*

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

COM : 000019 of 000019