UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL SOUTHARD     PLAINTIFF

v.     NO. 3:18-CV-803-CRS

NEWCOMB OIL CO., LLC
d/b/a NEWCOMB OIL CO.     DEFENDANT

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter is before the Court on several motions. Plaintiff filed four motions: 1) Motion to Remand (DN 7); 2) Motion to Stay Briefing on Defendant's Motion to Dismiss (DN 8); 3) Motion to Expedite Briefing on Motion to Stay (DN 9); and 4) Motion for Leave to File Sur-Reply, or Alternatively, Motion to Strike Exhibits Submitted by Defendant (DN 22). Defendant filed three motions: 1) Motion to Dismiss or, in the Alternative, Stay Pending Individual Arbitration (DN 6); 2) Motion to Stay Briefing on Plaintiff's Motion to Remand Pending Decision on Defendant's Motion to Compel Arbitration (DN 10); and 3) Defendant's Contingent Motion for Leave to File Response to Sur-Reply (DN 25).

For the reasons set forth herein, the Court will grant Plaintiff's Motion to Remand (DN 7), and deny Defendant's Motion to Stay Briefing on Plaintiff's Motion to Remand (DN 10) as moot.

### II. BACKGROUND

On November 9, 2018, Plaintiff Michael Southard (the "Plaintiff") commenced this putative class action against Defendant Newcomb Oil Co., LLC d/b/a Newcomb Oil Co. ("Newcomb Oil") in the Jefferson Circuit Court. DN 1-2. Plaintiff's original complaint alleged

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, in addition to Kentucky statutory and common law claims. *Id.* Specifically, Plaintiff brought state law claims for failure to pay overtime under KRS § 337.285 (Count II), failure to provide meal and rest periods under KRS §§ 337.355, 337.365, and 446.070 (Count III), untimely payment of wages and unlawful withholding of wages under KRS §§ 337.055 and 337.060 (Count IV), failure to furnish statement of wage deductions under KRS § 337.070 (Count V), and unjust enrichment (Count VI). On December 6, 2018 Newcomb Oil removed the action to this Court based on federal question jurisdiction and supplemental jurisdiction. DN 1.

On December 12, 2018, Plaintiff amended his complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a), removing the sole federal claim. DN 5. That same day, Newcomb Oil moved to dismiss Plaintiff's claims, compel arbitration or, in the alternative, stay pending individual arbitration (hereinafter "Motion to Compel Arbitration"). DN 6. On December 20, 2018, Plaintiff filed a Motion to Remand for lack of subject matter jurisdiction. DN 7.

The next day brought a flurry of competing motions starting with Plaintiff's Motion to Stay Briefing on Defendant's Motion to Dismiss, which asserted that the Court must resolve the Motion for Remand before the Motion to Compel Arbitration. DN 8. Plaintiff also filed a motion asking the Court to expedite briefing on Plaintiff's motion to stay. DN 9. In response, Newcomb Oil filed its own motion to stay asking the Court to stay briefing on Plaintiff's motion to remand pending the Court's resolution of Newcomb Oil's Motion to Compel Arbitration. DN 10.

On January 2, 2019, having received no ruling on Plaintiff's motion to stay briefing on the motion to compel, Plaintiff filed its response to Newcomb Oil's Motion to Compel Arbitration (DN 11), to which Newcomb Oil replied (DN 16). On January 10, 2019, having received no ruling

on its motion to stay briefing, Newcomb Oil filed its response opposing Plaintiff's Motion to Remand (DN 12), to which Plaintiff replied (DN 20).

February brought even more motion practice. On February 5, 2019, Plaintiff moved for leave to file a sur-reply regarding Newcomb Oil's exhibits attached to Newcomb Oil's Motion to Compel Arbitration. DN 22. Newcomb Oil filed a response in opposition (DN 23), and filed a contingent motion for leave to file a response to the sur-reply. DN 25.

### III. ANALYSIS

Both parties urge the Court to decide their respective motion first. Newcomb Oil's position is that the Court should decide its Motion to Compel Arbitration because "arbitrability is a mandatory threshold issue that should be decided at the earliest possible stage in this proceeding," before discretionary matters such as supplemental jurisdiction. DN 10, at 1–2. In contrast, Plaintiff asks the Court to address its Motion to Remand first on the grounds that "[a] federal court *must* resolve issues of subject matter jurisdiction before it decides the merits of a claim." DN 8-1, at 1 (citing *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 93 (1998)) (emphasis in original).

Because Plaintiff's Motion to Remand is based upon subject matter jurisdiction, the Court addresses it first. As grounds for remand, Plaintiff asserts first that the Court lacks subject matter jurisdiction because the amended complaint contains no federal claims. Alternatively, Plaintiff argues that the Court should decline to assert supplemental jurisdiction over the state law claims.

Plaintiff's post-removal amended complaint did not deprive this court of original subject matter jurisdiction. Subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal. *Harper v. AutoAlliance Int'l. Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (holding that the district court was not divested of subject matter jurisdiction upon the dismissal of plaintiff's federal

3

claims)). Plaintiff's original complaint at the time of removal asserted both state and federal statutory claims – making subject matter jurisdiction proper. Plaintiff is thus incorrect in arguing that the amended complaint ousted this Court of subject matter jurisdiction and that "the case must be remanded."

Plaintiff's next argument focuses on the question of whether this Court should continue to exercise supplemental jurisdiction over the remaining state law claims. The supplemental jurisdiction of a federal district court to consider state law claims is governed by 28 U.S.C. § 1367:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Subsection (c) provides the circumstances under which a district court may decline to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed – retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

Newcomb Oil urges the Court to consider Plaintiff's "manipulative tactic" of forum shopping as a reason for this Court to continue to exercise supplemental jurisdiction over the state law claims. In support of its argument, Newcomb Oil relies on *Harper* which held courts "may consider whether the plaintiff has used 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.'" 392 F.3d at 211 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support[s] a remand in the case.")).

In *Harper*, the Sixth Circuit characterized the procedural history of the case as follows:

> This case had been on the district court's docket for a substantial amount of time (11 months); the parties had completed discovery; [the plaintiff] did not abandon his federal claim until he filed his amended complaint; and Defendants' summary judgment motions were ripe for decision. In addition, the court had made several substantive rulings, including on [the plaintiff's] initial motion to remand, [the plaintiff's] motion for protective order, and [Defendants'] motion to compel an independent medical examination. Thus, the district court was familiar with the facts of the case and already had invested significant time in the litigation.

*Id.*

Although this Court acknowledges Plaintiff's use of forum manipulation, none of the other factors relied upon by the *Harper* court are present. This action has only been on the Court's docket for approximately three months. Plaintiff filed his amended complaint six days after Newcomb Oil removed the case. In addition, no dispositive rulings have been issued and this Court has not overseen discovery. *See Gamel v. City of Cincinnati*, No. 1:10-cv-015, 2010 WL 2179669, at *3 (S.D. Ohio May 28, 2010) ("[T]he mere fact that the Plaintiffs engaged in forum shopping is insufficient to cause this Court to exercise its discretion in favor of retaining supplemental jurisdiction").

Further, Newcomb Oil's Motion to Compel Arbitration pursuant to an alleged arbitration agreement is a contract that must be construed in accordance with the state law of Kentucky where it was finalized. *See Seawright v. American Gen. Fin. Serv's., Inc.*, 507 F.3d 967, 972 (6th Cir. 2009). The Kentucky courts are well situated to rule on that motion. Accordingly, the Court finds that comity and the interest in judicial economy favor remand. *See generally Cosby v. Auto Venture, Inc.*, No. 3:09-CV-763-S, 2010 WL 1795604, at *3 (W.D. Ky. Apr. 7, 2010), *report and recommendation adopted*, No. 3:09-CV-763-S, 2010 WL 1795602 (W.D. Ky. May 4, 2010) (declining to exercise supplemental jurisdiction after plaintiff voluntarily dismissed the sole federal claim and while a motion to compel arbitration was pending).

## IV. CONCLUSION

For the reasons discussed herein, the Court will grant Plaintiff's Motion to Remand by a separate order entered this date.

February 27, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**