UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICHAEL SOUTHARD, on behalf of**                                     **PLAINTIFF**
**Himself and all others similarly situated,**

**vs.**                                                            **CIVIL ACTION NO. 3:18-CV-803-CRS**

**NEWCOMB OIL CO., LLC d/b/a**                                         **DEFENDANTS**
**NEWCOMB OIL CO.,**

## MEMORANDUM OPINION

### I. Introduction

This matter is before the Court upon Newcomb Oil Co.'s ("Newcomb" or "Defendant") "Motion to Dismiss or, in the Alternative, Stay Pending Individual Arbitration." DN 6. Plaintiff Michael Southard ("Southard" or "Plaintiff") filed a response. DN 7. Defendant filed a reply. DN 8. This matter is now ripe for adjudication. For the reasons that follow, the Court will deny defendant's motion.

### II. Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))(internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II. Background

Defendant Newcomb Oil owns and operates convenience stores in Kentucky and Indiana. DN 1-2 at 6. Defendant employed Plaintiff as an attendant from approximately November 2017 until August 2018. DN 1-2 at 4. Plaintiff's general job duties included running the cash register, stocking shelves, cleaning the store, and assisting customers. DN 1-2 at 6.

On November 9, 2018, Plaintiff filed this putative class action against Defendant in the Jefferson Circuit Court, Kentucky. DN 1 at 1. Plaintiff's original complaint alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, in addition to Kentucky statutory and common law claims. *Id*. Specifically, Plaintiff brought state law claims for failure to pay overtime under KRS § 337.285 (Count II), failure to provide meal and rest periods under KRS §§ 337.355, 337.365, and 446.070 (Count III), untimely payment of wages and unlawful withholding of wages under KRS §§ 337.055 and 337.060 (Count IV), failure to furnish statement of wage deductions under KRS § 337.070 (Count V), and unjust enrichment (Count VI). DN 1-2 at 1–19. On December 6, 2018, Newcomb Oil removed the action to this Court based on federal question jurisdiction and supplemental jurisdiction. DN 1 at 1.

On December 12, 2018, Plaintiff amended his complaint pursuant to Federal Rule of Civil Procedure 15(a), removing the sole federal claim. DN 5. That same day, Newcomb Oil moved to dismiss Plaintiff's claims, compel arbitration or, in the alternative, stay pending individual arbitration. DN 6. On December 20, 2018, with only state law claims remaining, Plaintiff filed a motion to remand for lack of subject matter jurisdiction. DN 7. This Court remanded the case to

state court without deciding the arbitration issue. DN 27. On November 12, 2019, the Sixth Circuit vacated the remand order and returned the case to this Court to rule on the validity and applicability of an alleged arbitration agreement. DN 30. This opinion addresses Defendant's Motion to Dismiss or, in the Alternative, Stay Pending Individual Arbitration. DN 6.

In its motion, Newcomb cites two portions of its employee handbook as evidence that Plaintiff and Defendant agreed to resolve the instant dispute through arbitration. First, a paragraph under the heading "Resolving Differences" states:

> As an employee of Newcomb Oil Co., you agree to Alternative Dispute Resolution a forum or means for resolving disputes, as arbitration or mediation, that exists outside the state or federal judicial system, unless prohibited by law, as a means to resolve any disputes and/or complaints that cannot be resolved internally.

DN 6-1 at 29. Second, the last sentence on the final page of the employee handbook states "[i]f there is a conflict that cannot be resolved between the employee and the company, both agree that the matter will be referred to mediation." DN 6-1 at 66.

### III. Discussion

Defendant moves the Court to dismiss this action or, in the alternative, to compel arbitration and stay these proceedings pending the outcome of such arbitration pursuant to 9 U.S.C. §§ 3–4 (The Federal Arbitration Act or "FAA"). Because the ADR provision within the employee handbook requires alternative dispute resolution, not arbitration, the FAA does not apply.

"Congress enacted the United States Arbitration Act of 1925, more commonly referred to as the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, in response to the common law hostility toward arbitration and the refusal of many courts to enforce arbitration agreements." *Braxton v. O'Charley's Rest. Props., LLC*, 1 F. Supp. 3d 722, 725 (W.D. Ky. 2014). The FAA codifies "a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). The FAA's underlying purpose is to put arbitration

agreements "upon the same footing as other contracts." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 293 (2002)(quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). The FAA establishes a procedural framework applicable in both federal and state courts and mandates that substantive federal arbitration law be applied in both. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995); *Southland Corp. v. Keating*, 465 U.S. 1 (1984).

Issues of arbitrability are questions of federal substantive law. *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 693 (6th Cir. 2012)(citing *Southland Corp. v. Keating*, 465 U.S. 1, 12, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984)). "Under federal law, whether the appraisal provision in this case is 'arbitration' under the FAA depends upon how closely it resembles classic arbitration. *Id*. (citing *Salt Lake Tribune*, 390 F.3d at 689). Black's Law Dictionary defines arbitration as:

> A dispute-resolution process in which the disputing parties choose one or more neutral third parties to make a final and binding decision resolving the dispute. • The parties to the dispute may choose a third party directly by mutual agreement, or indirectly, such as by agreeing to have an arbitration organization select the third party. — Also termed (redundantly) binding arbitration.

Black's Law Dictionary (11th ed. 2019).

The ADR provision in the employee handbook does not meet the basic elements to qualify as an agreement to "arbitrate" under the FAA. First, the ADR provision states Plaintiff agreed "to Alternative Dispute Resolution," not "arbitration." DN 6-1 at 29. Next, the ADR provision describes what is meant by alternative dispute resolution: it is "a forum or means for resolving disputes, __*as*__ arbitration or mediation…." *Id*. (emphasis added). The use of the word "as" indicates that arbitration or mediation are just two examples of any number of forms of ADR that may be used by the parties to resolve disputes. *See* http://www.merriam-webster.com/dictionary/as (defining "as" as "for instance : such as"). The ADR provision provides neither a "hearing-type

appraisal process" nor "a final and binding remedy by a neutral third party"—both of which would be part of classic arbitration as intended under the FAA. *Evanston*, 683 F.3d at 693–94 (6th Cir. 2012)(citations omitted). Accordingly, the Court finds that the FAA does not apply, the parties are not bound to arbitrate their dispute, and Defendant's motion will be dismissed.

## IV. Conclusion

For the reasons discussed herein, the Court will deny Plaintiff's motion by separate order entered this date.

March 24, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**